

## NUMBER 13-12-00231-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

NESTOR PLATA,                                                             Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 357th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Appellant Nestor Plata was convicted for aggravated assault with a deadly weapon and sentenced to twenty years' confinement in the Texas Department of Criminal Justice—Institutional Division. *See* TEX. PEN. CODE ANN. § 22.02(b)(1) (West 2011). By two issues, appellant contends that: (1) the trial court erred by allowing

improper evidence under Texas Rules of Evidence 403 and 404(b)[1] and (2) he received ineffective assistance of counsel. We affirm.

## I. BACKGROUND[2]

On April 17, 2011, E.G., a fifteen-year old high school student, was jogging to meet a friend at church.[3] E.G. testified that while jogging on a sidewalk near Hanna High School in Brownsville, Texas and listening to music on his MP3 player, a "white or light-tannish" colored sports utility vehicle ("SUV") suddenly swerved and parked on a driveway in front of him. Through the passenger window, the passenger asked E.G. if he smoked; E.G. responded that he did not. The passenger then jumped out of the car. E.G. described the passenger as a tall, dark-complected young man with a closely-shaven head, wearing a green football t-shirt from a rival high school. The passenger demanded that E.G. turn over his MP3 player. E.G. refused. E.G. then noticed that the driver of the SUV flashed a gun at him. According to E.G., the driver had a light complexion, was wearing sunglasses on the top of his head and a white tank top, and had a tattoo on the left side of his neck. After seeing the gun, E.G. handed over his MP3 player. E.G.'s cell phone then rang. The passenger demanded that he turn over the phone, as well. E.G. testified that he feared for his life so he handed his

---

[1] Appellant also argued that the admission of the extraneous offense evidence violated his Confrontation Clause rights under the Sixth Amendment of the United States Constitution. *See* U.S. CONST., amend VI. However, appellant failed to object on this basis at the trial court level. Because appellant's argument on appeal did not comport with the objection he made at trial, this issue is not preserved for our review. *See* TEX. R. APP. P. 33.1. We instead address the objection that was made to the trial court in this opinion—that the admission of extraneous offense information violated Texas Rules of Evidence 403 and 404(b). *See* TEX. R. EVID. 403, 404(b).

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3] We use initials to protect E.G.'s identity because he is a minor. *See generally* TEX. R. APP. P. 9.8.

2

phone over, as well. The passenger then returned to the SUV with the stolen items, and the assailants drove off.

E.G. testified that he ran to the church where he was supposed to meet his friend, borrowed a phone, and called his mother to relay what occurred. His mother stated that she would call the police and immediately meet him at the church. E.G.'s friend then arrived, and they flagged down a patrolling police car to report his assault.

A few days later, police arrived at E.G.'s high school to show him a photographic line-up of possible suspects. E.G. identified Plata as the driver.

During trial, in a hearing outside the presence of the jury, Detective Julian Ramirez of the Brownsville Police Department explained how the photographic line-up was developed. Ramirez explained that his office was investigating two other similar crimes when E.G. reported his robbery. Both crimes, which occurred four days earlier, involved two male perpetrators driving a light-colored SUV. These perpetrators approached juvenile males between the ages of 14 through 17 walking near a school and demanded whatever items the young men had in their possession. The driver in both crimes was described as a "bald-headed male, medium complected, slim build with tattoos." The passenger was alleged to be wearing a green t-shirt. Both victims reported that the driver used a gun to intimidate them into complying with the assailants' demands.

The defense objected that offering this information would be a "back-door mechanism" to introduce evidence regarding other offenses before the jury, which would violate Texas Rule of Evidence 404(b). *See* TEX. R. EVID. 404(b). Rule 404(b) prohibits the admission of evidence of other similar crimes for the purpose of proving the

defendant's guilt in the charged crime, with a few noted exceptions. *See id.* The defense also objected that the probative value of the evidence regarding the similar offenses would not substantially outweigh the danger of unfair prejudice to Plata. *See* TEX. R. EVID. 403. The trial court disagreed and ruled as follows:

> Well, I think the issue here . . . is the issue of identity. I think but for the fact of identity being an issue, you are exactly right; they won't be able to get into it; but since identity has been raised by you, I think, which is a standard question in the case law, then the extraneous offenses that show a pattern, such as kind of what is being alluded to here, is sufficient to constitute signature, just the threshold that needs to be met under the rule 403 and 404(B), so I'm going to overrule the objection.

When the jury returned, the trial court allowed the evidence regarding the other offenses to be admitted. During his case-in-chief, Plata called his girlfriend to the stand to provide an alibi defense. Plata's girlfriend, Cynthia Garcia, testified that Plata was with her and her eleven-month-old daughter the entire day that E.G. was assaulted.

Plata was convicted for aggravated assault with a deadly weapon and sentenced to twenty years' confinement in the Texas Department of Criminal Justice—Institutional Division. *See* TEX. PEN. CODE ANN. § 22.02(b)(1). This appeal followed.

## II. ADMISSION OF EXTRANEOUS OFFENSES

### A. Applicable Law

Rule 404(b) of the Texas Rule of Evidence provides that: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as . . . identity." *See* TEX. R. EVID. 404(b). "Extraneous offenses are relevant to the issue of identity if there are distinguishing characteristics common to both the extraneous offense and the offense for which the defendant is on trial or if there is a high

degree of similarity so as to earmark them as the handiwork of the accused." *See Reed v. State*, 751 S.W.2d 607, 611 (Tex. App.—Dallas 1988, no pet.) (citing *Castillo v. State*, 739 S.W.2d 280, 289 (Tex. Crim. App. 1987)). Before a court can admit evidence regarding extraneous offenses to prove identity, identity must be a contested matter. *See id.* Texas law provides that an alibi defense generally places the identity of the defendant at issue in a case. *See Dickey v. State*, 646 S.W.2d 232, 233 (Tex. Crim. App. 1983).

Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." *See* TEX. R. EVID. 403. "The Court of Criminal Appeals has used several factors to measure the probative value of an extraneous offense: (1) presence of similarity between the prior acts and the offense charged; (2) closeness in time of the extraneous transactions to the charged offense; and (3) availability of alternative sources of proof." *Reed*, 751 S.W.2d at 612 (citing *Robinson v. State*, 701 S.W.2d 895, 898 (Tex. Crim. App. 1985)).

We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. *See Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). "Because trial courts are in the best position to decide questions of admissibility, appellate courts uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement." *Id.*

## B. Discussion

By his first issue, Plata argues that the trial court erred by admitting the evidence of the other similar robberies that had occurred, and how the investigation of those robberies led to the photographic line-up.

5

### 1. Rule 404(b) Analysis

There were distinguishing characteristics common to both the extraneous offenses and the offense for which Plata was on trial. *See Reed*, 751 S.W.2d at 611. All of the crimes were instigated by two males driving a light-colored SUV. The driver of the SUV was described as having a closely-shaven head, light complexion, and tattoos. The passenger wore a green t-shirt, was tall, and also had a closely-shaven or bald head. The perpetrators approached juvenile males between the ages of 14 through 17 walking near a school, and used a gun to demand the cell phones and MP3 players from the victims.

Identity was a contested issue in the case. *Id.* Plata's counsel, during his cross-examination of the complainant, strongly questioned E.G. on whether he was certain he could identify the driver. Counsel focused on the fact that the event occurred quickly, that E.G. reported being ten to thirteen feet away from the driver, and that it was a high-stress situation that could have altered E.G.'s accounting of what occurred. Further, Plata's girlfriend Garcia provided an alibi for him during the time of the incident. *See Dickey*, 646 S.W.2d at 233 (holding that an alibi defense raises an issue regarding identity). Because identity was contested, and because there were distinguishing characteristics common to the crimes, the admission of the extraneous offenses was proper. *See* TEX. R. EVID. 404(b). The trial court's decision to admit this evidence under Rule 404(b) was not a decision outside the zone of reasonable disagreement. *Cameron*, 241 S.W.3d at 19.

### 2. Rule 403 Analysis

We further hold that probative value of the extraneous offenses was not outweighed by the possibility of unfair prejudice. *See* TEX. R. EVID. 403. As noted earlier, there were numerous similarities between the prior acts and underlying offense charged against Plata. *See Reed*, 751 S.W.2d at 612; *see also Robinson*, 701 S.W.2d at 898. The incidents also occurred fairly closely in time—the extraneous offenses only happened four days prior to the day E.G. was assaulted and robbed. *Id.* Finally, based on a review of the record, there did not appear to be alternative sources of proof. *Id.*

Because we hold that the trial court did not abuse its discretion in admitting evidence of the extraneous offenses under either Rules 404(b) or 403, we overrule Plata's first issue. *See* TEX. R. EVID. 404(b), 403.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

#### A. Applicable Law

The United States Supreme Court set forth a two-part test in *Strickland v. Washington* to determine whether a criminal defendant had ineffective assistance of counsel. *See Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). The *Strickland* test first requires the appellant to demonstrate that counsel's performance was so deficient that it fell below an objective standard of reasonableness. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *see Strickland,* 466 U.S. at 687. Assuming the appellant has demonstrated deficient assistance, he or she must then show that there is a reasonable

probability that the final result would have been different but for counsel's errors. *Thompson,* 9 S.W.3d at 812–13.

The appellant must prove ineffective assistance of counsel by a preponderance of the evidence. *Id.* The appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that counsel's actions could be considered a sound trial strategy. *Jaynes v. State,* 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). A reviewing court should not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales,* 253 S.W.3d 686, 696 (Tex. Crim. App. 2008). "When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson,* 9 S.W.3d at 813 (citing *Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)). In determining whether an attorney's performance was deficient, we apply a strong presumption that the attorney's conduct was within the wide range of reasonable professional assistance. *Id.* at 813. We review the effectiveness of counsel in light of the totality of the representation and the circumstances of each case. *Id.* The court of criminal appeals has made clear that, in most cases, a silent record providing no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State,* 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

## B. Discussion

Plata argues that his trial counsel failed in three respects: (1) in failing to properly object to the admission of hearsay testimony; (2) in failing to request a limiting

8

instruction to the jury on extraneous offenses; and (3) in failing to properly object to the photographic line-up.

First, Plata contends his lawyer failed to properly object to the admission of the extraneous offenses based on hearsay. *See* TEX. R. EVID. 803. However, the following trial testimony disputes this contention:

Defense Counsel: Excuse me. I also object to [investigator Ramirez's] testimony based totally on hearsay, Your Honor. He is testifying as to what somebody told him supposedly. I object to that.

The State: Your Honor, he is describing his investigation the way it took place. We've already established what he is trying to establish is the similarities between what he was told, not whether the truth of the matter asserted [sic].

The Court: Very well. Overruled.

In light of the foregoing trial objections, we find that this argument is not supported by the record.

Second, Plata argues that his lawyer erred in failing to request a limiting instruction to the jury regarding the alleged extraneous offenses. Upon review of the record, we cannot determine why Plata's counsel chose not to make this request. However, because the record is silent on counsel's trial strategy regarding this issue, we must presume that the decision not to request the limiting instruction does not overcome the strong presumption of reasonable assistance. *See Rylander,* 101 S.W.3d at 110–11.

Third, Plata asserts his attorney provided unreasonable assistance when he failed to properly object to the photographic line-up. Again, however, our review of the record shows otherwise. Plata's attorney filed pre-trial motions to suppress the photo line-up.

At trial, Plata's attorney objected prior to the admission of the photographic line-up and, at a bench conference outside the presence of the jury, objected that the line-up was based on hearsay. Thus, we find that this is a non-issue because Plata's counsel objected to the photographic line-up numerous times throughout the pre-trial and trial proceedings.

Accordingly, we find that Plata's attorney's performance was not so deficient that it fell below an objective standard of reasonableness. *Thompson,* 9 S.W.3d at 812. Further, Plata failed to show how his attorney's alleged deficiencies, if any, would have changed the final verdict in his trial. *Id.* at 813. Thus, we overrule appellant's second issue.

## IV. CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
18th day of April, 2013.